# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PETER CIRCELLI, <br><br> Plaintiff, <br><br> v. <br><br> THE UNITED STATES OF AMERICA, <br><br> Defendant. | Civil Action No. 17-5269-SDW-LDW <br><br> **OPINION** <br><br> June 14, 2018 |

**WIGENTON**, District Judge.

Before this Court is Defendant, the United States of America's Motion to Dismiss Plaintiff Peter Circelli's Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1). This Court has jurisdiction pursuant to 28 U.S.C. § 1346. This opinion is issued without oral argument pursuant to Rule 78. For the reasons stated herein, Defendant's Motion to Dismiss is **GRANTED**.

## I. BACKGROUND AND PROCEDURAL HISTORY

This civil action arises out of a motor vehicle accident. Plaintiff alleges that on July 20, 2015, an employee of the United States Postal Service ("USPS") negligently caused the USPS vehicle she was driving to collide with the County Collision and Towing LLC ("County Collision") vehicle Plaintiff was operating. (Compl. ¶¶ 4-5, 7, 9, ECF No. 1.) On August 6, 2015, Plaintiff submitted a Claim for Damage, Injury, or Death ("Standard Form 95") to USPS to recover for personal injuries and property damage from the accident. (Standard Form 95, ECF No. 12-3.)

1

At the time Plaintiff submitted his claim, he requested $12,149.85 in property damage. (*Id.*) Plaintiff did not provide USPS with a sum certain as to his personal injuries, and instead wrote: "under treatment." (*Id.*) On February 22, 2016, USPS issued a check payable to County Collision for $12,149.85, "in full and final settlement of the claim filed[.]" (Settlement Letter, ECF No. 12-4.) On or about February 29, 2016, the check was cashed. (Settlement Check, ECF No. 12-5.)

On July 19, 2017, Plaintiff filed this action to recover damages for personal injuries arising from the same collision. (*See generally* Compl.) On January 12, 2018, Defendant moved to dismiss the action. (ECF No. 12.) Plaintiff submitted his opposition on February 6, 2018, and Defendant replied on March 6, 2018. (ECF Nos. 15, 18.)

## II.     LEGAL STANDARD

Under Rule 12(b)(1), a defendant may move to dismiss a complaint for lack of subject matter jurisdiction by making a "facial" or "factual" challenge, "and the 'distinction determines how the pleading must be reviewed.'" *S.D. v. Haddon Heights Bd. of Educ.*, No. 15-1804, 2018 U.S. App. LEXIS 2384, at *9 n.7 (3d Cir. Jan. 31, 2018) (citing *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014)). "Under either challenge, plaintiff bears the burden of persuasion to show the court has jurisdiction." *White-Squire v. U. S. Postal Serv.*, No. 08-3486, 2009 U.S. Dist. LEXIS 8832, at *7 (D.N.J. Feb. 6, 2009) (citing *Gould Elecs. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000)). In analyzing a facial attack, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto[.]" *Aichele*, 757 F.3d at 358 (citing *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012)). In analyzing a factual attack, the court "may look beyond the pleadings to ascertain the facts[.]" *Id.*

Because this case concerns a factual challenge, this Court may look beyond the pleadings and consider the Standard Form 95, settlement letter, and settlement check. *White-Squire*, 2009 U.S. Dist. LEXIS 8832, at *8 (citing *Medina v. City of Phila.*, 219 F. App'x 169, 172 (3d Cir. 2007) (finding that defendant's motion to dismiss, which was based on plaintiff's failure to exhaust administrative remedies under the Federal Tort Claims Act ("FTCA"), was a factual attack on the district court's subject matter jurisdiction)).

### III. DISCUSSION

The United States is immune from suit unless Congress unequivocally waives sovereign immunity. *United States v. Mitchell*, 445 U.S. 535, 538 (1980).

> The [FTCA] waives sovereign immunity for claims against the United States seeking monetary damages where the injury results from a 'negligent . . . act . . . of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant.'

*White-Squire*, 2009 U.S. Dist. LEXIS 8832, at *9-10 (quoting 28 U.S.C. § 1346(b)(1)).

#### A. Plaintiff's Failure to Exhaust Administrative Remedies

"The FTCA has explicit exceptions to its waiver of sovereign immunity, including the requirement that a claimant first exhaust available administrative remedies." *Id.* at *10 (citing 28 U.S.C. § 2675(a)). This means that Plaintiff must have filed a claim with USPS within two years of his claim accruing, and received a final denial of that claim, prior to commencing this litigation. *Id.*; 28 U.S.C. § 2401(b). It is Plaintiff's burden to establish that USPS "was given (1) written notice of the [personal injury] claim sufficient to enable the [USPS] to investigate, and (2) the value of the claim." *White-Squire*, 2009 U.S. Dist. LEXIS 8832, at *11 (first citing 28 C.F.R. § 14.2; then citing *Tucker v. U.S. Postal Serv.*, 676 F.2d 954, 959 (3d Cir. 1982)).

3

Here, Plaintiff has failed to meet this burden. Although Plaintiff submitted a Standard Form 95 to USPS following the accident, he failed to provide USPS with a sum certain as to the value of his personal injury claim prior to filing this suit. *White-Squire v. U.S. Postal Serv.*, 592 F.3d 453, 458 (3d Cir. 2010) ("[A] claimant's failure to present her FTCA claim to the appropriate agency with a sum certain, as required by § 2675(b), compels the conclusion that a district court lacks subject matter jurisdiction over the claim."). Plaintiff's contention that he continued to accrue damages because he was under treatment does not preclude him from having to state a sum certain to USPS. *Id.* ("[A] claimant's ongoing medical treatment does not exempt her from the jurisdictional obligation to present a claim for a sum certain to the appropriate agency as required by 28 U.S.C. §§ 1346(b) and 2675(a) & (b), and 28 C.F.R. § 14.2(a)."). Because Plaintiff has failed to satisfy the prerequisites for filing suit under the FTCA, this Court lacks subject matter jurisdiction to adjudicate his claim.

Furthermore, Plaintiff's contention that equitable tolling of the statute of limitations would be an appropriate remedy is not persuasive.

> The Court of Appeals for the Third Circuit has identified three principal situations in which equitable tolling might be appropriate: '(1) the defendant has actively misled the plaintiff respecting the cause of action; (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, or (3) the plaintiff has raised the precise statutory claim but has mistakenly done so in the wrong forum.'

*Orozco-Barajas v. Zickefoose*, No. 11-3628, 2013 U.S. Dist. LEXIS 68258, at *28 (D.N.J. May 14, 2013) (quoting *Sch. Dist. of Allentown v. Marshall*, 657 F.2d 16, 20 (3d Cir. 1981)). None of these situations apply to Plaintiff. As such, Plaintiff has failed to timely exhaust his administrative remedies, and Defendant's motion to dismiss is granted.

### B. Plaintiff's Settlement With USPS

Subject matter jurisdiction is further lacking because Plaintiff released all claims against USPS arising from the July 20, 2015 accident. "The acceptance by the claimant of any . . . settlement shall be final and conclusive on the claimant, and shall constitute a complete release of any claim against the United States . . . by reason of the same subject matter." 28 U.S.C. § 2672. Here, when USPS issued the $12,149.85 settlement check on February 22, 2016, in response to Plaintiff's Standard Form 95, the letter accompanying the check explicitly provided that "acceptance of this check operates as a complete release and bars recovery of any additional or future claims against the United States, the U.S. Postal Service, or any employee whose act or omission gave rise to the claim by reason of the same subject matter." (Settlement Letter at 2.) Nowhere in the letter does USPS limit the settlement to property damage. (*Id*.) Thus, when the check was cashed on or about February 29, 2016, any remaining claims related to the accident were effectively released. (*See* Settlement Check.)

### IV. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss is **GRANTED**. An appropriate order follows.

s/ *Susan D. Wigenton*
**SUSAN D. WIGENTON**
**UNITED STATES DISTRICT JUDGE**

Orig:      Clerk
cc:        Leda D. Wettre, U.S.M.J.
            Parties